UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| INTERNATIONAL ENGINEERING & CONSTRUCTION S.A. and GREENVILLE OIL & GAS CO. LTD., <br><br> Petitioners, <br><br> -against- <br><br> BAKER HUGHES, A GE COMPANY, LLC and BAKER HUGHES, A GE COMPANY, <br><br> Respondents. | 18-cv-8241-AT |

**RESPONDENTS' REPLY TO SUPPLEMENTAL BRIEF ADDRESSING
"AGGRIEVED" STANDARD UNDER § 4 OF THE FEDERAL ARBITRATION ACT**

Pursuant to this Court's Order [Doc. 4], Respondents (collectively, "BHGE") respectfully submit this Reply to the Supplemental Brief filed by Petitioners regarding the applicability of the "aggrieved" standard pursuant to § 4 of the Federal Arbitration Act ("FAA"). As detailed below, Petitioners incorrectly assert that the "aggrieved" standard does not apply—and that it is not necessary for BHGE to have failed, neglected or refused to arbitrate in order to obtain relief—because that standard conflicts with § 206 of the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention"). While Petitioners rely on a single district court decision to support their argument, other courts within the jurisdiction of the U.S. Court of Appeals for the Second Circuit have directly considered the issue and have held that the "aggrieved" standard does not conflict with the Convention. Applying the appropriate "aggrieved" standard, no reasonable dispute exists that BHGE has not failed, neglected, or refused to arbitrate, and Petitioners cannot compel a party to arbitration who is already participating in that arbitration.

## I.     PETITIONERS MUST BE "AGGRIEVED" TO COMPEL ARBITRATION

Section 206 of the Convention states that a court "may direct that arbitration be held in accordance with the agreement." 9 U.S.C. § 206. In turn, Section 4 of the FAA requires that a party seeking to compel arbitration be "aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration." *Id.* § 4. Petitioners rely on a single decision, *Daye Nonferrous Metals, Co. v. Trafigura Beheer B.V.*, No. 96 CIV 9740 (RWS), 1997 WL 375680 (S.D.N.Y. 7/7/1997), to assert that a conflict exists between § 4 of the FAA and § 206 of the Convention. *Daye* has not, however, been cited by any other cases deciding this issue and is inconsistent with other decisions in this Court and within the Second Circuit's jurisdiction.

1

This Court, in *Evans & Sutherland Computer Corp. v. Thomson Training & Simulation, Ltd.*, No. 94 CIV 6795 (JFK), 1994 WL 593808 (S.D.N.Y. 10/28/1994), held that no conflict exists between § 4 and § 206.  *Evans* noted that the "only issue" under § 206 is "whether a valid agreement to arbitrate exists in the context of an international commercial agreement."  *See id.* at *3.  Noting that § 208 of the Convention provides that the FAA "applies to actions and proceedings brought under [chapter 2, the Convention,] in the absence of any conflict," this Court reviewed § 4 of the FAA and found that it did not conflict with § 206.  *See id.*

Relying, in part, on the holding in *Evans*, the U.S. District Court in Connecticut, in *Hartford Accident & Indemn. Co. v. Equitas Reinsurance Ltd.*, 200 F. Supp. 2d 102 (D. Conn. 2002), similarly found no conflict between § 206 of the Convention and § 4 of the FAA.  The court noted that § 4 was "[o]n its face . . . not in conflict with the Convention Act or the Convention itself."  *Id.* at 108.  The court reasoned that "Article II(3) of the Convention requires that a court, 'when seized of an action' where the parties have agreed to arbitrate, shall 'refer the parties to arbitration . . .'"  *Id.* (quoting Article II(3) of the Convention).  Therefore, the court held that because the court had to be "seized of an action," a petition is required to allege that the adverse party has actually failed, neglected, or refused to arbitrate, and this requirement "assures the court that there is, in fact, a dispute concerning whether the parties should arbitrate."  *Id.*  The court further noted that the purpose behind the requirements of § 4 are compatible with the Convention's goal of promoting speedy and efficient resolution of arbitration disputes.  *See id.*  The court recognized that "[i]f the adverse party has not refused to arbitrate, or will agree to arbitrate, there is no reason for court involvement in the first place."  *Id.*  Accordingly, the court held that the "aggrieved" standard of § 4 is not in conflict with the Convention.  *See id.* at 109.

The Second Circuit referenced *Hartford* without reservation in *Phoenix Aktiengesellschaft v. Ecoplas, Inc.*, 391 F.3d 433, 437 (2d Cir. 2004).  In *Phoenix*, Ecoplas, Inc. relied on *Hartford* to argue that § 207 of the Convention (concerning consent to the confirmation of arbitration awards) did not conflict with § 9 of the FAA.  *See id.*  Distinguishing *Hartford*, the Second Circuit noted that *Hartford* was based on the finding that § 4 imposed no limits on jurisdiction beyond those already imposed by basic Article III principles of standing and, therefore, "no conflict existed between the two provisions."  *See id.*  In analyzing *Hartford*, the Second Circuit expressed no disapproval with its holding.  *See also, FR 8 Singapore PTE. Ltd. v. Albacore Maritime Inc.*, 754 F. Supp. 2d 628, n.2 (S.D.N.Y. 2010) (citing *Phoenix's* analysis of *Hartford* but declining to address the relation between § 4 and § 206); Francis M. Dougherty & Jack K. Levin, 3 FED. PROC., L. ED. § 4:134 ("Section 4 of the Federal Arbitration Act, requiring that a party seeking to compel arbitration be aggrieved by the other party's refusal to arbitrate, does not conflict with section 206 on compelling arbitration under arbitration agreements involving foreign parties, and thus applies to those arbitrations") (citing *Hartford*, 200 F. Supp. 2d at 108).

The above cases demonstrate that the holding in *Daye* is incorrect and infeasible as a practical matter.  As *Hartford* explains, to allow a petitioner under the Convention to compel arbitration against a party that has not otherwise refused or failed to arbitrate is nonsensical: it frustrates public policy in favor of speedy, efficient resolution of arbitration proceedings, and it and unnecessarily burdens courts with matters in which they have no need to be involved.

## II.  PETITIONERS ARE NOT "AGGRIEVED" PARTIES.

Because § 4 of the FAA governs, Petitioners must demonstrate that BHGE has failed, neglected, or refused to arbitrate.  The Second Circuit, in *LAIF X SPRL v. Axtel S.A. de C.V.*, 390 F.3d 194, 199 (2d. Cir. 2004), has held that objections to arbitrability, without an attendant refusal

to arbitrate, does not meet the "aggrieved" standard set forth in § 4.  There, the petitioner filed an arbitration proceeding against Telinor Telefonia ("Telinor"), and in turn, Telinor answered the arbitration demand asserting that the underlying dispute was not within the scope of the arbitration agreement.  *See id.* at 197-98.  After the petitioner filed a lawsuit seeking to compel Telinor to arbitrate, the Second Circuit affirmed the district court's dismissal of the petition, noting that Telinor had not "refused" to arbitrate because it raised its objection to arbitrability within the arbitration itself.  *See id.* at 199.   As the Second Circuit plainly explained: "It is difficult to see [] how an order to compel would operate on Telinor's course of conduct.  Telinor has answered the arbitral demand.  Telinor's challenge to the arbitrability of [petitioner's] claims before the AAA does not constitute a refusal to arbitrate."  *See id.*; *see also, Broadcort Capital Corp. v. Dutcher*, 859 F. Supp. 1517, 1520 (S.D.N.Y. 1994) (holding that an objection to arbitrating in a particular forum is not a refusal to arbitrate, so the petitioner was not "aggrieved" under § 4); *Jacobs v. USA Track &* Field, 374 F.3d 85, 89 (2nd Cir. 2004) (affirming the district court's denial of the petition to compel arbitration, noting that "respondents have not commenced litigation against petitioner" nor have they "failed to comply with an order to arbitrate by the AAA").

As previously briefed in detail, IEC initially raised the successor/alter ego issue in the Arbitration;[1] BHGE has asserted its arbitrability objection within the pending Arbitration;[2] and the Arbitration Tribunal will hear that objection during the evidentiary Hearing.[3]  Following the holding in *LAIF* and *Jacobs*, BHGE's objection within the Arbitration does not constitute a failure or refusal to arbitrate.  BHGE is participating in the Arbitration, and it has neither commenced

---

[1] *See* Respondents' Reply Memo. in Support of Motion to Dismiss [Doc. 36] at 12-13.
[2] *See*, *e.g.*, Respondents' Reply in Opposition to Petition [Doc. 27] at 7-8; Respondents' Memo. of Law in Support of Motion to Dismiss [Doc. 32] at 14-15.
[3] *See* Respondents' Reply Memo. in Support of Motion to Dismiss [Doc. 36] at 14.

litigation against IEC nor failed to comply with an order by the Tribunal to arbitrate. Simply put, there is no controversy for this Court to consider.[4]

Petitioners again[5] misrepresent the Arbitration record, claiming that BHGE has "flat-out refused to engage on the arbitrability issues" within the Arbitration. In support, Petitioners claim that BHGE's reference to "an issue that is pending before a U.S. Court" within its objections to IEC's discovery is an "admission as to the proper forum for the resolution of the arbitrability issue."[6] The quoted language, however, merely appears in Respondents' General Objections to IEC's discovery. Respondents' specific objections to IEC's discovery related to the arbitrability of the claims against BHGE do not rely upon this litigation in any way.[7]

Importantly, Petitioners have neglected to inform this Court that Respondents' objections concerning discovery related to the arbitrability issue were *heard and ruled upon by the Tribunal*, and the Tribunal *granted* IEC the ability to obtain available documents responsive to those requests, if any.[8] Thus, the discovery dispute referenced by Petitioners only further confirms that the parties are proceeding with the Arbitration of not only the underlying merits but also BHGE's objection of arbitrability. Petitioners' assertion that BHGE has "flat-out refused to engage on the arbitrability issues" is patently false. BHGE is participating in the Arbitration, and Petitioners are not "aggrieved" under § 4 of the FAA. Therefore, this Court should dismiss their Petition to Compel Arbitration.

---

[4] Petitioners' claim that a "case or controversy" exists because there is a dispute as to the forum and the issue of successor liability. The only relief sought by Petitioners, however, is an order to compel arbitration. As outlined herein and in BHGE's related pleadings, BHGE is participating in the Arbitration, so no controversy exists for this Court to consider.

[5] *See* Respondents' Reply Memo. in Support of Motion to Dismiss [Doc. 36] at 12-15 (noting prior misrepresentations by Petitioners).

[6] *See* Petitioners' Supplemental Brief at 5.

[7] *See* Exhibit A, Claimants' Redfern Schedule (Excerpt) at pp. 111-118, IEC's Requests and BHGE's Objections for Nos. 105-113.

[8] *See id.* (noting Arbitration Tribunal's ruling on each of IEC's Requests and BHGE's Objections).

Respectfully submitted,

**ALLEGAERT BERGER & VOGEL LLP**

By: /s/ Richard L. Mattiaccio
    Richard L. Mattiaccio
    Alexander E. Ehrlich

111 Broadway, 20th Floor
New York, New York 10006
Telephone:    (212) 571-0550
Facsimile:    (212) 571-0555
Email:        rmattiaccio@abv.com;
              aehrlich@abv.com

and

**DAIGLE FISSE & KESSENICH, PLC**

By: /s/ Michael D. Fisse
    Michael D. Fisse

227 Highway 21
Madisonville, Louisiana 70447
Telephone:    (985) 871-0800
Facsimile:    (985) 871-0899
Email:        mfisse@daiglefisse.com
*Admitted Pro Hac Vice*

*Attorneys for Respondents/Defendants, Baker Hughes, a GE Company, LLC and Baker Hughes, a GE Company*

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of June 2019, a copy of foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/ Michael D. Fisse*
MICHAEL D. FISSE